UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANAYA JACKSON,<br><br>            Plaintiff,<br><br>vs.<br><br>LIFE OPPORTUNITIES UNLIMITED, A NON-PROFIT CORPORATION; GAIL TAMIRIAN-MANDELI, INDIVIDUALLY AND AS THE CORPORATE ALTER EGO OF LIFE OPPORTUNITIES UNLIMITED, A NON-PROFIT CORPORATION; MARGAERT WATERMAN; JOHN DOES 1-100 AND ABC CORPS. 1-100,<br><br>            Defendant. | Civil Action _____<br><br>**NOTICE OF REMOVAL** |

TO: THE HONORABLE JUDGES OF THE
      UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY

Defendants, Life Opportunities Unlimited ("LOU"), Gail Tamirian-Mandeli ("Mandeli"), Margaret Waterman, incorrectly referred to as "Margaert" ("Waterman"), (collectively, "Defendants"), by and through their attorneys, Fox Rothschild LLP, respectfully say:

1. Plaintiff Janaya Jackson commenced the above-captioned action on or about August 31, 2016, by filing a Complaint and Jury Demand in the Superior Court of New Jersey, Law Division, Bergen County, entitled *Janaya Jackson v. Life Opportunities Unlimited, et al.*, Docket No. L-6399-16. Said action is now pending in that Court.

2. Such Complaint and Jury Demand was filed on August 31, 2016, and served upon Defendants on or about September 19, 2016.

3. A copy of each of the foregoing papers, which constitute all of the processes and pleadings to date, is annexed hereto as "Exhibit A."

4. The above-captioned action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441 in that:

> (a) Plaintiff's fifth count in her Complaint is based on the allegation that there was a "Violation of the Fair Labor Standards Act (FLSA)" stating that Defendants "failed to pay Ms. Jackson overtime for work performed in excess of forty (40) hours during a workweek, in violation of the provisions of the FLSA."

5. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. § 1441, in that federal question jurisdiction exists as Plaintiff's Amended Complaint is based, in part, on allegations that Defendant's conduct violated the FLSA, 29 U.S.C. 201 et seq.

6. Since this Court has original jurisdiction over a federal question, it also maintains supplemental jurisdiction over Plaintiff's related claims. See Conoshenti v. Public Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004); Eli Lily & Co. v. Roussel Corp., 23 F.Supp.2d 460, 467 (D.N.J. 1998).

This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure. See <u>Murphy Brothers Inc. v. Michetti Pipe Stringing Inc.</u>, 526 U.S. 344 (1999).

6. Upon the filing of this Notice of Removal, Defendants shall give written notice thereof to Lance Brown of Lance Brown and Associates, LLC, Defendants shall file copies of said Notice and Notice of Filing of Removal with the Court Clerk, Superior Court of New Jersey, Law Division, Bergen County.

7. By filing this notice, Defendants do not waive any defenses which may be available to them, specifically including, but not limited to, improper service and the absence of venue in this Court or in the Court from which this action has been removed.

8. As certified in the concurrently submitted Certification of Mark E. Tabakman, Esq., each defendant consents to the removal of this action.

WHEREFORE, Defendants removes the above-captioned action now pending against it in the Superior Court of New Jersey, Law Division, Bergen County, to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

FOX ROTHSCHILD LLP

By:   /s/ *Mark E. Tabakman*
     Mark E. Tabakman
     mtabakman@foxrothschild.com
     FOX ROTHSCHILD LLP
     Attorneys for Defendants
     997 Lenox Drive, Building 3
     Lawrenceville, NJ 08648-2311
     (609) 896-3600

**Dated**: October 14, 2016

ACTIVE 42552984v1 10/14/2016

# CERTIFICATE OF SERVICE
## (Via Fed Ex)

I hereby certify that on this date I caused a true copy of the foregoing Notice of Removal and Certification of Mark E. Tabakman, Esq., to be served on Plaintiff, via prepaid overnight express delivery (Fed Ex), to:

Lance Brown, Esq.
Lance Brown & Associates
1898 Route 33
Hamilton, NJ 08690

I hereby further certify that on this date I caused the Notice of Filing of Removal together with a copy of the Notice of Removal and the Certification of Mark E. Tabakman, Esq., to be delivered for filing via prepaid overnight express delivery (Fed Ex), to:

Clerk, Superior Court of New Jersey, Law Division
Bergen County, Civil Division
10 Main St. Hackensack, NJ 07601

Pursuant to 28 U.S.C. § 1746, I hereby certify under penalty of perjury that the foregoing is true and correct. Executed on this 14TH day of October 2016.

/s/ Mark E. Tabakman
Mark E. Tabakman
mtabakman@foxrothschild.com

# CERTIFICATE OF SERVICE
## (Via Fed Ex)

I hereby certify that on this date I caused a true copy of the foregoing Notice of Removal and Certification of Mark E. Tabakman, Esq., to be served on Plaintiff, via prepaid overnight express delivery (Fed Ex), to:

Lance Brown, Esq.
Lance Brown & Associates
1898 Route 33
Hamilton, NJ 08690

I hereby further certify that on this date I caused the Notice of Filing of Removal together with a copy of the Notice of Removal and the Certification of Mark E. Tabakman, Esq., to be delivered for filing via prepaid overnight express delivery (Fed Ex), to:

Clerk, Superior Court of New Jersey, Law Division
Bergen County, Civil Division
10 Main St. Hackensack, NJ 07601

Pursuant to 28 U.S.C. § 1746, I hereby certify under penalty of perjury that the foregoing is true and correct. Executed on this 14th day of October 2016.

/s/ Mark E. Tabakman
Mark E. Tabakman
mtabakman@foxrothschild.com