# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANAYA JACKSON,<br><br>     Plaintiff,<br><br>v.<br><br>LIFE OPPORTUNITIES UNLIMITED, A NON-PROFIT CORPORATION; GAIL TAMIRIAN-MANDELI, INDIVIDUALLY AND AS THE CORPORATE ALTER EGO OF LIFE OPPORTUNITIES UNLIMITED, A NON-PROFIT CORPORATION; MARGARET WATERMAN; JOHN DOES 1-100 and ABC CORPS. 1400,<br><br>     Defendants. | ECF Case<br><br>Civil Action No. 2:16-cv-07326-SDW-LDW<br><br>**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendants, Life Opportunities Unlimited ("LOU"), Gail Tamirian-Mandeli ("Mandeli"), Margaret Waterman, incorrectly referred to as "Margaert" ("Waterman"), (collectively, "Defendants"), by the undersigned counsel, provide its Answer and Affirmative Defenses to Plaintiff's Complaint, and hereby states as follows:

## The Parties

1.  Defendants lack knowledge or information sufficient to form a belief as to the meaning of "at all times relevant." Defendants further state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore deny same.

2.      Defendants lack knowledge or information sufficient to form a belief as to the meaning of "at all times relevant." Defendants admit that the address of LOU is 75 North Maple Avenue, Suite 104, Ridgewood, NJ 07450.  Defendants deny any remaining allegations in Paragraph No. 2 of the Complaint.

3.      Defendants lack knowledge or information sufficient to form a belief as to the meaning of "at all times relevant." Defendants admit that Gail Tamirian-Mandeli is Founder and Executive Director, and deny the remaining allegations in Complaint Paragraph No. 3.

4.      Defendants lack knowledge or information sufficient to form a belief as to the meaning of "at all times relevant." Defendants admit that Ms. Waterman is a current employee of LOU and had supervised Plaintiff.

## Background

Defendants incorporate their responses to Paragraphs 1 through 4 as is fully set forth herein.

5.      Defendants admit the allegations set forth in Paragraph 5 of the Complaint, except aver that it operates only in Bergen County.

6.      Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7.      Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8.      Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9.      Defendants admit that Plaintiff was hired in an exempt salaried position but was paid hourly at or about the rate of $14.42 per hour during her employment period.

10.      Defendants admit the allegations set forth in Paragraph 10 of the Complaint.

11.      Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12.     Defendants admit that Plaintiff, in her role as manager, discussed certain issues with Ms. Waterman and Ms. Tamirian-Mandeli. Defendants deny the remaining allegations in Paragraph No. 12 of the Complaint.

13.     Defendants deny Plaintiff's allegations in Complaint Paragraph No. 13 except admit that Plaintiff asked about whether LOU had a nurse whereby Ms. Tamirian-Mandeli explained how LOU operated, and that Plaintiff discussed needing blinds over the windows, which Ms. Tamirian-Mandeli bought.

14.     Defendants admit the allegations set forth in Paragraph 14 of the Complaint.

15.     Defendants admit the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendants admit the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendants admit the allegations in Paragraph No. 17 of the Complaint, but aver that the representative's name was Maxine, and not "Maureen" as referenced in the Complaint.

18.     Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint, and therefore deny same.

20.     Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint, and therefore deny same.

22.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and therefore deny same.

23.     Defendants admit the allegations set forth in Paragraph 23 of the Complaint.

## As to Count One

24.     Defendants incorporate their responses to Paragraphs 1 through 23 as is fully set forth herein.

25.     The allegations set forth in Paragraph 25 of the Complaint purport to restate the law for which no responsive pleading is required. To the extent that Paragraph 25 misstates the law or contains any factual allegations, those allegations are denied.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint, and therefore deny same.

27.     Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint, and therefore deny same.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint, and therefore deny same.

29.     The allegations set forth in Paragraph 29 of the Complaint make legal conclusions for which no responsive pleading is required. To the extent that Paragraph 29 misstates the law or contains any factual allegations, those allegations are denied.

30.     Defendants admit that Plaintiff was terminated on February 17, 2016. Defendants deny any remaining allegations set forth in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

WHEREFORE, Defendants request judgment dismissing the Complaint against it with prejudice, together with its attorneys' fees and costs of suit.

ACTIVE 42687189v1 10/20/2016

## As to Count Two

32.     Defendants incorporate their responses to Paragraphs 1 through 31 as is fully set forth herein.

33.     The allegations set forth in Paragraph 33 of the Complaint purport to restate the law for which no responsive pleading is required. To the extent that Paragraph 33 misstates the law or contains any factual allegations, those allegations are denied.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

WHEREFORE, Defendants request judgment dismissing the Complaint against it with prejudice, together with its attorneys' fees and costs of suit.

## As to Count Three

38.     Defendants incorporate their responses to Paragraphs 1 through 37 as is fully set forth herein.

39.     The allegations set forth in Paragraph 39 of the Complaint purport to restate the law for which no responsive pleading is required. To the extent that Paragraph 39 misstates the law or contains any factual allegations, those allegations are denied.

40.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint and therefore deny same.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint and therefore deny same.

42.     Defendants admit that Plaintiff was terminated. Defendants deny the remaining allegations in Paragraph No. 42 of the Complaint.

43.     Defendants deny the allegations in Paragraph No. 43 of the Complaint.

44.     Defendants deny the allegations in Paragraph No. 44 of the Complaint.

WHEREFORE, Defendants request judgment dismissing the Complaint against it with prejudice, together with its attorneys' fees and costs of suit.

## As to Count Four

45.     Defendants incorporate their responses to Paragraphs 1 through 44 as is fully set forth herein.

46.     The allegations set forth in Paragraph 46 of the Complaint purport to restate the law for which no responsive pleading is required. To the extent that Paragraph 46 misstates the law or contains any factual allegations, those allegations are denied.

47.     Defendants deny the allegations in Paragraph No. 47 of the Complaint.

48.     Defendants deny the allegations in Paragraph No. 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph No. 49 of the Complaint.

50.     Defendants deny the allegations in Paragraph No. 50 of the Complaint.

51.     Defendants deny the allegations in Paragraph No. 51 of the Complaint.

WHEREFORE, Defendants request judgment dismissing the Complaint against it with prejudice, together with its attorneys' fees and costs of suit.

## As to Count Five

52.     Defendants incorporate their responses to Paragraphs 1 through 51 as is fully set forth herein.

53.     The allegations set forth in Paragraph 53 of the Complaint purport to restate the law for which no responsive pleading is required. To the extent that Paragraph 53 misstates the law or contains any factual allegations, those allegations are denied.

54.     Defendants admit the allegations in Paragraph No. 54 of the Complaint.

55.     Defendants deny the allegations in Paragraph No. 55 of the Complaint.

56.     Defendants admit the allegations in Paragraph No. 56 of the Complaint.

57.     Defendants deny the allegations in Paragraph No. 57 of the Complaint.

58.     Defendants deny the allegations in Paragraph No. 58 of the Complaint.

59.     Defendants deny the allegations in Paragraph No. 59 of the Complaint.

WHEREFORE, Defendants request judgment dismissing the Complaint against it with prejudice, together with its attorneys' fees and costs of suit.

**As to Count Six**

60.     Defendants incorporate their responses to Paragraphs 1 through 59 as is fully set forth herein.

61.     Defendants deny the allegations in Paragraph No. 61 of the Complaint, except admit that Plaintiff talked to Ms. Tamirian-Mandeli about the windows in the house.

62.     Defendants deny the allegations in Paragraph No. 62 of the Complaint.

63.     Defendants deny the allegations in Paragraph No. 63 of the Complaint.

64.     Defendants deny the allegations in Paragraph No. 64 of the Complaint.

65.     Defendants deny the allegations in Paragraph No. 65 of the Complaint.

WHEREFORE, Defendants request judgment dismissing the Complaint against it with prejudice, together with its attorneys' fees and costs of suit.

### As to Count Seven

66.     Defendants incorporate their responses to Paragraphs 1 through 66 as is fully set forth herein.

67.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph No. 67, and therefore deny the allegations set forth in Paragraph No. 67 of the Complaint.

WHEREFORE, Defendants request judgment dismissing the Complaint against it with prejudice, together with its attorneys' fees and costs of suit.

### JURY DEMAND

Defendants request a trial by Jury pursuant to 4:35-1.

### TRIAL ATTORNEY DESIGNATION

Pursuant to 4:5-1(c), Mark Tabakman, Esq. is designated as trial counsel.

### PRAYER FOR RELIEF

Defendants deny the allegations set forth in the prayer for relief in sub-paragraphs and affirmatively aver that Plaintiff is not entitled to any of the relief requested or any other relief.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Defendants assert the following defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages can be

granted.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of counsel fees, costs, or interest can be granted.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of compensatory damages can be granted.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has waived any claims she may have, which are denied, to seek relief against Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any adverse employment action.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands, laches and waiver.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims or the damages she may recover, are barred or at least reduced by her failure to mitigate damages.

ACTIVE 42687189v1 10/20/2016

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendants relied on legitimate non-retaliatory business reasons in all decisions relating to the terms and conditions of Plaintiff's employment.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants did not retaliate against Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all times, Defendants acted in good faith and without malice.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not engage in a protected activity.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants did not engage in any illegal or unethical conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

The injuries, damages or losses alleged in the Complaint are not the result of a negligent, reckless or intentional act or omission of Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that it seeks punitive damages, the Complaint violates Defendants' rights to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and under the Constitution of the State of New Jersey.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants assert every defense available to it under CEPA.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants did not violate the New Jersey Wage Payment Law ("NJWPL") and assert

ACTIVE 42687189v1 10/20/2016

every defense available under it.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants did not violate the New Jersey Law Against Discrimination ("LAD").

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants did not discriminate against Plaintiff under LAD.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants did not retaliate against Plaintiff under LAD nor did Plaintiff suffer adverse

employment action for any protected reason under LAD.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants' conduct was justified in furtherance of a legitimate business interest.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants did not terminate Plaintiff for filing a worker's compensation claim.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants assert every defense available to them under the LAD and common law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants did not violate the Fair Labor Standards Act ("FLSA").

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is covered under an exemption of FLSA.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants assert every defense available to it under FLSA.

11

## <u>ADDITIONAL DEFENSES RESERVED</u>

Defendants reserve the right to amend its Answer to assert additional affirmative defenses as the claims of Plaintiff become more fully disclosed during the course of the litigation.

Respectfully submitted,

/s/ Mark E. Tabkman
MARK E. TABAKMAN, ESQ.
Princeton Pike Corporate Center
997 Lenox Dr., Bldg. 3
Lawrenceville, New Jersey 08648-2311
mtabakman@foxrothschild.com
(609) 895-3600
*Attorneys for Defendants*

Date:  October 20, 2016

12

## **CERTIFICATION PURSUANT TO L.CIV.R. 11.2**

Defendants, Life Opportunities Unlimited, Gail Tamirian-Mandeli, and Margaret Waterman, by their undersigned counsel, hereby certify pursuant to L.Civ.R. 11.2 that the matter in controversy is not subject of any other action pending in any other court or of any pending arbitration or administrative proceeding.

**FOX ROTHSCHILD LLP**
Attorneys for Defendants

Dated: October 20, 2016                    By: /s/ Mark E. Tabakman
                                               Mark E. Tabakman

13

## CERTIFICATION OF SERVICE

I, Mark E. Tabakman Esq., hereby certify that I caused one copy of the foregoing

Answer and Affirmative Defenses to be electronically filed as follows:

https://ecf.njd.uscourts.gov/cgi-bin/login.pl

An email containing a link to a PDF version of the foregoing will be served

electronically through the electronic filing system to all counsel of record at an email address on

file with the Court.

Dated: October 20, 2016                                      By:/s/ Mark E. Tabakman
                                                                Mark E. Tabakman

ACTIVE 42687189v1 10/20/2016